**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4118

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN GLENN BARTLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:15-cr-00018-TSK-MJA-1)

Submitted:  March 1, 2023                    Decided:  July 12, 2023

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Sarah Wagner, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Glenn Bartley appeals the district court's judgment revoking his term of supervised release and imposing a sentence of 9 months' imprisonment and 27 months' supervised release. On appeal, Bartley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether there was sufficient evidence to support the court's revocation decision. Bartley has filed several pro se supplemental briefs, in which he also questions the sufficiency of the evidence and, additionally, argues that one of the violations was unconstitutional. The Government has declined to file a response brief. For the reasons that follow, we affirm the district court's judgment and remand for correction of a clerical error in that judgment.

We review the district court's revocation decision for abuse of discretion, its factual findings underlying the revocation for clear error, and its legal conclusions de novo. *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). A district court need only find a supervised release violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). Based on our review of the record, we conclude that there was sufficient evidence adduced at the revocation hearing to support the finding that Bartley violated his supervision by failing to follow his probation officer's instructions related to the conditions of his release, lying to the probation officer and failing to obtain mental health treatment, and contacting the victim of his underlying crimes. Accordingly, the district court did not abuse its discretion in revoking Bartley's supervised release. *See* 18 U.S.C. § 3583(e)(3); U.S. Sentencing Guidelines Manual § 7B1.3(a)(2) (2021) ("Upon a finding of a Grade C

2

violation [of supervised release], the court may . . . revoke probation or supervised release.").

Turning to the remaining claim in Bartley's pro se brief, he asserts that the violation for failing to follow his probation officer's instructions violated his First Amendment right to free speech. To the extent that Bartley seeks to challenge the district court's imposition of the supervised release condition underlying the violation, his claim is not properly before this court. *See United States v. Holman*, 532 F.3d 284, 287 n.1 (4th Cir. 2008) ("[W]hen a condition of supervised release was imposed as part of the defendant's original sentence, the condition [may] not be challenged in an appeal from an order revoking the defendant's supervised release, but must instead be challenged on direct appeal from the original conviction and sentence.").

An "as-applied challenge" to a supervised release condition is cognizable in revocation proceedings; that is, a defendant may properly challenge the condition's "application to a particular act by the probationer." *United States v. Van Donk*, 961 F.3d 314, 325-26 (4th Cir. 2020). However, to the extent that Bartley raises such a challenge, we conclude that his claim is without merit. Our review of the record reveals that the application of the supervised release condition requiring Bartley to follow the probation officer's instructions was reasonably related to the 18 U.S.C. § 3553(a) sentencing goals and "involve[ed] no greater deprivation of liberty than [was] reasonably necessary" to achieve those goals. 18 U.S.C. § 3583(d). Accordingly, the district court's determination that Bartley violated that condition did not impermissibly infringe upon his First Amendment rights. *See Van Donk*, 961 F.3d at 326 ("A condition of supervised release

3

may restrict a probationer from engaging in what would otherwise be protected conduct, so long as the condition comports with 18 U.S.C. § 3583(d).").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. However, because the revocation judgment incorrectly stated that Bartley admitted guilt to the violations, we remand so that the district court may correct this clerical error. *See* Fed. R. Crim. P. 36. This court requires that counsel inform Bartley, in writing, of the right to petition the Supreme Court of the United States for further review. If Bartley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bartley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

4